[ FORMAL COMPLAINT ]



Nelson v. Smith
Civil Action No. 2:19-cv-00157

THIS IS A FORMAL COMPLAINT AGAINST THE PROBATION OFFICE AND THE PROBATION OFFICER, MR. DOUGLAS SMITH OF THE SOUTHERN DISTRICT OF WEST VIRGINIA, CHARLESTON DIVISION. THIS FORMAL COMPLAINT IS DUE TO THE ACTIONS OF THE PROBATION OFFICER MR. DOUGLAS SMITH IN CONTACTING THE EMPLOYEES OF THE BUREAU OF PRISONS AT THE FEDERAL CORRECTIONAL INSTITUTION 2, BUTNER NC.. THROUGH THE COMMUNICATION BETWEEN THE PARTIES, PROBATION OFFICER MR. DOUGLAS SMITH "FELT" IT WAS HIS NEED TO RECOMMEND THAT THE ALREADY APPROVED HALF-WAY HOUSE PLACEMENT BE REMOVED AND CANCELED AND THAT MR. NELSON SERVE OUT THE REMAINDER OF HIS TIME IN PRISON. THE ACTIONS OF THE PROBATION OFFICER THROUGH HIS PERSONAL OPINIONS EXERCISES "INAPPROPRIATE", "UNPROFESSIONAL", "BIASED", AND "PREJUDICED" BEHAVIOR. THE ACTIONS OF PROBATION OFFICER MR. DOUGLAS SMITH SHOWS THAT THE PROBATION OFFICER WAS DETERMINED IN MAKING SURE THAT MR. NELSON WOULD DO AS MUCH TIME IN PRISON AS POSSIBLE. THIS ACTION WAS INTENTIONAL AND MALICIOUS AND SHOULD GO AGAINST THE "INTEGRITY" AND "TRUST" OF THE PROBATION OFFICER MR. DOUGLAS SMITH. THE COMMUNICATION EXPRESSLY VIOLATED MR. NELSONS FIFTH AMENDMENT, "DUE PROCESS RIGHTS". THIS IS BECAUSE OF THE ACTIONS TAKEN BY THE BUREAU OF PRISONS DUE TO THE RETALIATION RECOMMENDATION OF THE PROBATION OFFICER MR. DOUGLAS SMITH, DOES NOT GIVE MR. NELSON ADEQUATE TIME TO EXHAUST ALL FORMAL REMEDIES THROUGH THE APPROPRIATE CHANNELS NECESSARY TO ENABLE MR. NELSON TO PROPERLY ADDRESS THIS ISSUE IN A COURT OF LAW.

# [FORMAL COMPLAINT]

The actions of the probation officer violated all "Due Process Right's" and "Equal Protection Right's," by Mr. Nelson being denied a chance for a fair hearing or even being able to properly reply with a response to the allegations set forth in the probation officers recommendation to the employees of the Bureau of Prisons, before the Bureau of Prisons employees canceled the already approved half-way house placement, solely on the remarks made by the probation officer Mr. Douglas Smith. By the Bureau of Prisons allocating the pre-approved release of half-way placement and having been given a early release date from the Bureau of Prisons employees, it had created very high expectations in Mr. Nelson being released early, with the high expectations of finding employment to save money to enable Mr. Nelson to support his basic human needs when he planned to enter the court appointed inpatient rehab when released from the custody of the Bureau of Prisons and transferred to supervised release. The actions of the probation officer simply amplifies the situation of creating a harder enviroment situation for Mr. Nelson to succeed, and this has been the probation officers intent from the first day of supervising Mr. Nelson. The statement that is being made by the actions of the probation officer Mr. Douglas Smith. Through a proper critical examination into Mr. Smith's unprofessional behavior of interfering into the affairs of another department [The Bureau of Prisons], to control the outcome of the execution of the sentence of Mr. Nelsons sentence, should clearly show that this action was and is purely motivated for the sole purpose of "punishment," and not in assistance to assist Mr. Nelson in the

# [FORMAL COMPLAINT]

3

RE-ENTRY BACK INTO THE COMMUNITY. SIMPLY STATED, IF THE PROBATION OFFICER MR. DOUGLAS SMITH WOULD OF NEVER OF CALLED THE BUREAU OF PRISONS AND INTERFERED THROUGH THE INVOLVEMENT IN THE AFFAIRS OF THE BUREAU OF PRISONS, AND BY RECOMMENDING THAT THE ALREADY APPROVED HALF-WAY HOUSE PLACEMENT BE CANCELED, THEN THIS SITUATION WOULD OF NEVER OCCURRED, AND MR. NELSON WOULD HAVE BEEN RELEASED EARLY TO HAVE PARTICIPATED IN THE ALREADY APPROVED PRE-RELEASE HALF-WAY HOUSE PLACEMENT. THE EXPRESS OPINIONS AND ACTIONS OF THE PROBATION OFFICER MR. DOUGLAS SMITH, IS EXHIBITING AN AGGRESSIVE CHARACTER AND WERE EXECRABLE, AND WERE MADE WITHOUT ADEQUATE BASIS, OTHER THAN USING PAST HISTORIES OF MR. NELSON, TO CAUSE MR. NELSON TO SUFFER FURTHER "PUNISHMENT" FOR NO REASON OTHER THAN FOR MR. SMITHS OWN PERSONAL SATISFACTION AND PLEASURE. THE ACTIONS OF THE PROBATION OFFICER SIMPLY SHOWS THAT THE PROBATION OFFICER MR. SMITH CLEARLY MADE IT HIS PRIORITY AND COULD NOT SEE MR. NELSON BEING RELEASED EARLY TO PARTICIPATE IN A PRIVILEGE, SUCH AS THE PRE-RELEASE, PRE-APPROVED HALF-WAY HOUSE PROGRAM. YES, THE PROBATION OFFICER COULD CALL THE BUREAU OF PRISONS AND RECOMMEND THE HALF-WAY HOUSE PLACEMENT BE CANCELED, SUCH AS HE HAD DONE, BUT THE REAL QUESTION EVERYONE SHOULD BE ASKING IS, WHY WOULD THIS PERSON INTERFERE INTO A SITUATION THAT HAD NOTHING TO DO WITH HIS POSITION OR AUTHORITY, OR EVEN THE PROBATION OFFICE, OR FOR THAT MATTER, EVEN THE COURTS, WHY WOULD THIS PERSON TAKE IT UPON HIMSELF TO INTERFERE IF THE REASON WAS NOT INTENTIONAL RETALIATION AND MOTIVATED TO MAKE SURE MR. NELSON WAS "PUNISHED" AND SERVE OUT THE FULL SENTENCE OF THE COURTS IN PRISON? THAT IS THE REAL QUESTION THAT SHOULD BE ASKED IN THIS MATTER, WHY?

[FORMAL COMPLAINT]                                                4

MR. SMITHS APPRAISAL OF THE SITUATION IN DETERMINING THE IMPORTANCE OF INTERFERING INTO THE LIFE OF MR. NELSON WHEN MR. SMITH HAS NO LEGAL JURISDICTION AND TO EXERCISE AUTHORITY OVER THIS SITUATION, THE PROBATION OFFICER SUPERSEDED HIS POSITION AND WHAT AUTHORITY HAS BEEN GIVEN TO HIM BY THE COURTS, AND HAS SET A STANDARD FOR THE FUTURE THAT THIS INDIVIDUAL (PROBATION OFFICER MR. SMITH), HAS DESIGNS TO MAKE SURE THAT MR. NELSON "NEVER" SUCCEEDS IN COMPLETING HIS SUPERVISED RELEASE. ANY INDIVIDUAL UNDER THE CUSTODY OF THE BUREAU OF PRISONS SHOULD HAVE IMMUNITY FROM THE PROBATION OFFICE AND ANY PROBATION OFFICER. THE ACTIONS OF THE PROBATION OFFICER MR. DOUGLAS SMITH ALSO VIOLATES ARTICLE 3 OF THE CONSTITUTION OF THE UNITED STATES IN MAKING AN INADEQUATE REPRESENTATION OF THE COURT BY USING THE PROBATION OFFICE AND MR. SMITHS POSITION AS A PROBATION OFFICER TO ENABLE HIM TO PERSUADE THE EMPLOYEES OF THE BUREAU OF PRISONS FOR HIS OWN PERSONAL DISCRIMINATION AGAINST MR. NELSON, TO CONTROL MR. NELSONS CONFINEMENT THROUGH THE RECOMMENDATION OF HOW MR. NELSONS SENTENCE IS TO BE "CARRIED OUT" (THE EXECUTION OF THE SENTENCE). THIS VIOLATES ALL "INTEGRITY" OF A REPRESENTATIVE OF THE COURTS, AND RUINS ALL "TRUST" OF THE PROBATION OFFICE AND THE PROBATION OFFICER MR. DOUGLAS SMITH. ALSO THROUGH THE ACTIONS OF IMPROPERLY REPRESENTING THE COURTS, PROBATION OFFICER MR. SMITH IMPROPERLY DELEGATED JUDICAL AUTHORITY UPON HIMSELF. THE DISCRECTION TO DELEGATE THIS AUTHORITY TO COERCE THE EMPLOYEES OF THE BUREAU OF PRISONS TO REMOVE THE ALREADY APPROVED HALF-WAY HOUSE PLACEMENT WAS AN IMPROPER DELEGATION OF JUDICAL AUTHORITY TO CONTROL THE EXECUTION OF MR. NELSONS SENTENCE. IN UNITED STATES V. PRUDEN,

# [FORMAL COMPLAINT]

5

IT LABORS TO STRIKE THE APPROPRIATE BALANCE BETWEEN COMPETING IMPERATIVES: NAMELY, THE "MOST IMPORTANT LIMITATION, THAT A PROBATION OFFICER MAY "NOT" DECIDE THE NATURE OR EXTENT OF THE PUNISHMENT IMPOSED UPON A PROBATIONER". THIS CLEARLY VIOLATES 18 U.S.C.S. § 3603 "DUTIES OF THE PROBATION OFFICE". THERE MUST BE A BALANCE, THE NEED FOR THE CONSTITUTIONAL REQUIRMENT THAT JUDGES, "NOT PROBATION OFFICERS", SET THE TERMS OF A PERSONS SENTENCE. THERE MUST ALSO BE A BALANCE, THE NEED FOR THE CONSTITUTIONAL REQUIREMENT THAT THE "BUREAU OF PRISONS", "NOT PROBATION OFFICERS" SET THE TERMS OF THE "EXECUTION OF THE SENTENCE" ON HOW THE SENTENCE SHOULD BE CARRIED OUT. THE ACTIONS OF THE PROBATION OFFICER VIOLATES SEVERAL STATUTES AS WELL. I MUST ADDRESS THE MECHANICS OF SUPERVISED RELEASE TERMS, SETTING OUT WHEN THEY BEGIN, WHEN THEY ARE TOLLED, AND HOW SUPERVISION IS TRANSFERRED BETWEEN THE BUREAU OF PRISONS (A PART OF THE DEPARTMENT OF JUSTICE) AND THE PROBATION OFFICE (A PART OF THE FEDERAL COURT SYSTEM). 18 U.S.C.S. § 3624(E) SAYS, "A TERM OF SUPERVISED RELEASE "COMMENCES" ON THE DAY THE PERSON IS RELEASED FROM "IMPRISONMENT" WHICH IS WHEN A PERSON IS "RELEASED BY THE BUREAU OF PRISONS TO THE SUPERVISION OF A PROBATION OFFICER" WHO SHALL, DURING THE TERM OF SUPERVISED RELEASE IMPOSED, SUPERVISE THE PERSON RELEASED TO THE DEGREE WARRANTED BY THE CONDITIONS SPECIFIED BY THE SENTENCING COURT, AND "NOT GOING BEYOND THE SUPERVISION OF THE INDIVIDUAL BY ALLOWING THE PERSONAL FEELINGS OF THE PROBATION OFFICER TO DICTATE THE JOB PERFORMANCE". EFFECTIVELY DETERMINED, AN INDIVIDUAL UNDER THE CUSTODY OF THE BUREAU OF PRISONS "WOULD NOT" AND "SHOULD NOT" BE SUBJECTED TO ANY OPINIONS

[FORMAL COMPLAINT]

6

OR INPUT FROM THE PROBATION OFFICE OR ANY PROBATION OFFICER CONCERNING THE EXECUTION OF AN INDIVIDUALS SENTENCE DURING AN INDIVIDUALS CUSTODY UNDER THE BUREAU OF PRISONS. THE STATUTE SPECIFICALLY ACKNOWLEDGES THAT THE "TERM OF SUPERVISED RELEASE DOES NOT COMMENCE UNTIL RELEASED FROM THE CUSTODY OF THE BUREAU OF PRISONS." THE ACTIONS FROM THE PROBATION OFFICER MR. DOUGLAS SMITH, IS DEMONSTRATING AN INTENT TO BRING ABOUT AN INTENTED ACTION OF A MALICIOUS INTENTION OF PUNISHMENT OF MR. NELSON, INSTEAD OF SUPERVISION OR ASSISTANCE IN PREPARING MR. NELSON FOR A REASONABLE OPPORTUNITY TO ADJUST AND PREPARE FOR THE RE-ENTRY INTO THE COMMUNITY WHICH IS A VIOLATION OF 18 U.S.C.S §3624(c). NOTHING IN THE LANGUAGE OF THE SUPERVISED RELEASE PROVISIONS OR THE SECTION, "DUTIES OF THE PROBATION OFFICER" SUPPORTS THE CLEAR VINDICTIVE ACTIONS OF THE PROBATION OFFICER MR. DOUGLAS SMITH, IN THE CONNECTION WITH MR. NELSON DURING THE CUSTODY OF THE BUREAU OF PRISONS, AND DURING ANY TIME OF BEING UNDER THE SUPERVISION OF PROBATION OFFICER MR. SMITH. THIS ACTION AGAINST MR. NELSON BY THE PROBATION OFFICER, OF THE RETALIATION OF RECOMMENDING THE REMOVAL OF THE ALREADY APPROVED HALF-WAY HOUSE EARLY RELEASE PLACEMENT, AND THAT MR. NELSON SHOULD SERVE OUT THE REMAINDER OF HIS TIME IN PRISON, SHOULD CLEARLY SHOW THE PROBATION OFFICER MR. SMITH'S INTENT TO HARM MR. NELSON'S LIFE, LIBERTY AND ALL CONSTITUTIONAL FREEDOMS. THE ACTIONS OF THE PROBATION OFFICER MR. SMITH IN THIS MATTER WAS TOTALLY UNJUSTIFIABLE AND A BLATANT SHOW OF A PURE PERSONAL DISCRIMINATION AGAINST MR. NELSON. MOROVER, THE PROBATION OFFICER IS SUPPOSED TO BE CONSIDERED "A NEUTRAL

[FORMAL COMPLAINT]

7

INFORMATION-GATHERING AGENT OF THE COURT, "NOT" AN AGENT OF THE PROSECUTION". THERE IS ALSO CAUSE TO SHOW THAT THE PROBATION OFFICE, IT'S SUPERVISOR AND THE PROBATION OFFICER MR. DOUGLAS SMITH IS CLEARLY MOTIVATED BY THE DISCRIMINATORY INTENT BY ASSERTING SPECIAL CONDITIONS UPON "CERTIAN" SEX OFFENDERS AND "NOT ALL" SEX OFFENDERS. MR. NELSON'S "EQUAL PROTECTION RIGHT'S" ARE BEING VIOLATED THROUGH ESSENTIALLY A DIRECTION THAT "ALL PERSONS THAT ARE SIMILARLY SITUATED SHOULD BE TREATED ALIKE", AND ARE NOT BY THE PROBATION OFFICE OF THE SOUTHERN DISTRICT OF WEST VIRGINIA, CHARLESTON DEPARTMENT, AND IT'S PROBATION OFFICERS. THE "EQUAL PROTECTION RIGHT'S" IS BEING VIOLATED ALSO, BY MR. NELSON BEING TREATED DIFFERENT IN RESPECT OF THE CONSTANT BELITTLING AND CONDESCENDING TERMS USED BY THE PROBATION OFFICER MR. SMITH. THE PROBATION OFFICE CAN NOT SUFFICIENTLY EXPLAIN WHY SOME SEX OFFENDERS UNDER DIFFERENT PROBATION OFFICERS ARE TREATED DIFFERENTLY THAN THE SEX OFFENDERS UNDER THE SUPERVISION OF PROBATION OFFICER MR. SMITH. THREATS AND INTIMIDATION TATICTS HAVE BEEN USED BY PROBATION OFFICERS, MR. TROY LANHAM AND MR. DOUGLAS SMITH AGAINST MR. NELSON. THE PROBATION OFFICER MR. SMITH HAS INTENTIONALLY INFLICTED "SEVERE STRESS", "MENTAL ANGUISH", AND "ANXIETY" UPON MR. NELSON. BY FILING THIS FORMAL COMPLAINT AND BY FURTHER PROCEEDINGS THROUGH THE FEDERAL COURTS AGAINST THESE ACTIONS OF THE PROBATION OFFICER MR. SMITH, I AM IN GREAT FEAR FROM FURTHER RETALIATIONS FROM THE PROBATION OFFICE AND FROM MR. SMITH.

SINCERLY YOURS
MR. KEITH NELSON